# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| **KIMBERLY G. RUHE,**<br><br>Plaintiff,<br><br>v.<br><br>**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**<br><br>Defendant. | Case No. 1:20CV-145-GNS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company, ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Casey County, Kentucky, Case No. 20-CI-00080, where it is currently pending, to the United States District Court for the Western District of Kentucky.  As discussed below, removal of this action is proper pursuant to this Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against Hartford invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Defendant respectfully shows the Court as follows:

1. Plaintiff Kimberly G. Ruhe instituted a civil action against Hartford in the Circuit Court of Casey County, Kentucky, on July 23, 2020. True and correct copies of the Complaint and Summons, which are all of the pleadings, process, and orders served upon Hartford in the Circuit Court action, are attached hereto as Exhibit A.

2. Plaintiff's Complaint was served on Hartford on July 28, 2020. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by Hartford of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Circuit Court of Casey County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

**FEDERAL QUESTION JURISDICTION**

5. In her Complaint, Plaintiff alleges that she was insured under a long-term disability ("LTD") policy issued by Hartford to her employer, Amedisys,

which insured the employees of the company. *See* Exhibit A at 3 (¶¶ 6-7). Based on an alleged denial of LTD benefits, Plaintiff seeks payment of contractual benefits, attorney's fees, interest, and any and all other relief to which she is entitled. *See* Exhibit A at 4 (¶¶ 14-18), 5 ("Wherefore" paragraph).

6. Hartford issued Group Policy No. GLT-677808 (the "Policy") to Amedisys to insure the LTD component of its welfare benefit plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. Plaintiff was a participant in the Plan based on her employment with Amedisys. *See* Exhibit A at 3 (¶¶ 6-7)). A copy of the Policy is attached hereto as Exhibit B. The Policy includes additional information expressly referencing ERISA and providing a statement of participant's rights under ERISA. *See* Exhibit B at pp. 32-37.

7. Although Plaintiff's claims are couched in the language of a state law contract and tort action, the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015). Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or

3

super preemption of state law claims. *Taylor* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). "As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64 (citation omitted). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id.* at 67. Therefore, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

8. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA as her Complaint explicitly seeks to recover benefits under the Policy. *See* Exhibit A at 4-5 (¶¶ 20, 25, "Wherefore" paragraph). Despite alleging in a conclusory manner that the Plan does not meet

4

the qualifications of ERISA, Plaintiff tacitly admits that the Plan may be subject to ERISA by alternatively alleging ERISA causes of action. *See* Exhibit A at 5 (¶¶ 24-25).

9. For the foregoing reasons, Plaintiff's claims seek to recover benefits under an ERISA-governed plan. This Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

10. A copy of this Notice of Removal is being filed with the Circuit Court of Casey County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

11. Along with this Notice of Removal, Hartford will tender to the Clerk of this Court the funds necessary to secure removal.

12. This Notice of Removal is filed within thirty (30) days after receipt by Hartford of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

15. If any question arises as to the propriety of this removal, Hartford respectfully requests the opportunity to present a brief and argument in support of its position.

Based on the foregoing, Defendant Hartford Life and Accident Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Casey County, Kentucky, be removed to this Court.

Respectfully submitted this 21st day of August 2020.

/s/ William B. Wahlheim, Jr.
William B. Wahlheim, Jr.
Attorneys for Defendant Hartford Life and
Accident Insurance Company
[application for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this the 21st day of August 2020:

Philip G. Fairbanks
Bartley K. Hagerman
Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
pgf@austinmehr.com
bkh@austinmehr.com
Counsel for Plaintiff

          */s/ William B. Wahlheim, Jr.*
          OF COUNSEL