UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00145-GNS-HBB

KIMBERLY G. RUHE                                              PLAINTIFF

VS.

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY                                          DEFENDANT

MEMORANDUM OPINION
AND ORDER

Before the Court is the motion of Plaintiff Kimberly G. Ruhe for leave to conduct discovery (DN 16).  Defendant Hartford Life and Accident Ins. Co. has responded in opposition (DN 18), and Ruhe has replied (DN 19).  The matter is ripe for determination.[1]

NATURE OF THE CASE

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Ruhe was employed by Amedisys, and Hartford issued a policy of insurance providing long-term disability ("LTD") benefits to Amedisys employees.  Ruhe contends that she is eligible for LTD benefits and that Hartford has wrongfully determined that she is not eligible.  She seeks payment of benefits, as well as attorney's fees and costs.

---

[1]  The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for rulings on all non-dispositive motions (DN 6).

## RUHE'S MOTION FOR DISCOVERY

Ruhe contends that Harford has an inherent conflict of interest because it is both the entity responsible for paying benefits to her and the entity which makes the determination of whether she qualifies for those benefits, as described in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). Ruhe asserts that she is entitled to conduct discovery regarding this conflict so that the Court may weigh the conflict as a factor that might tip the balance in her favor. Ruhe cites Clark v. American Elec. Power Sys. Long Term Disability Plan, 871 F.Supp.2d 655, 661 (W.D. Ky. 2012) for the proposition that discovery is permissible on the issue of conflict of interest and bias.

## HARTFORD'S RESPONSE

Harford raises two arguments in opposition to Ruhe's motion. First, Hartford contends that whether discovery is even relevant is dependent upon the standard of review. Hartford asserts that, since Glenn, courts within the Sixth Circuit have concluded that a potential conflict of interest is irrelevant when the case is to be decided under the *de novo* standard of review.[2] Ruhe contends the appropriate standard of review is *de novo*[3] and, as such, Hartford contends, Ruhe essentially wants to "have her cake and eat it too," by requesting discovery only permitted under the standard of review she opposes.

---

[2]   Citing Sim v. Reliance Standard Life Ins. Co., No. 1:15-CV-390, 2016 WL 319868, at *1, n.1 (S.D. Ohio Jan. 26, 2016); Smiertka v. Guardian Life Ins. Co. of Am., No. 1:12-CV-99, 2013 WL 1304498, at *6 (W.D. Mich. Mar. 28, 2013); Mulligan v. Provident Life & Acc. Ins. Co., 271 F.R.D. 584, 588 n.5 (E.D. Tenn. 2011); Weidauer v. Broadspire Services, Inc., No. C-3-07-097, 2008 WL 4758691, at *10 (S.D. Ohio Oct. 27, 2008); Guy v. Sun Life Assur. Co. of Canada, No. 10-CV-12150-DT, 2010 WL 5387580, at *1 (E.D. Mich. Dec. 22, 2010); McKenna v. Aetna Life Ins. Co., No. 13-12687, 2014 WL 1389050 (E.D. Mich. Apr. 9, 2014); Quarles v. Hartford Life & Acc. Ins. Co., No. 3:15-CV-372-DJH-CHL, 2018 WL 523211, at *2-4 (W.D. Ky. Jan. 23, 2018).

[3]   *See* (DN 12), Joint Report of Parties' Planning Meeting, at p. 3, ¶ 3(d) ("The parties do not presently agree regarding the standard of review to be applied. Defendant's position is that the Plan governing Plaintiff's claim expressly delegates discretionary authority to Aetna [*sic*] to determine eligibility for benefits. Therefore, Defendant will argue that the abuse of discretion standard of review will apply to Aetna's [*sic*] claim determination. Plaintiff will argue that de novo review applies.").

Hartford's second line of opposition to Ruhe's motion is that, even if discretionary review applies to the case, Ruhe has nonetheless failed to provide any factual basis for her allegations of bias beyond the mere existence of a structural conflict of interest.  Hartford concedes that several decisions from Kentucky federal courts have held that the mere existence of such a conflict of interest is sufficient to allow discovery.[4]  Since those cases were decided, however, Hartford contends that the Sixth Circuit has provided guidance in Collins v. Unum Life Ins. Co. of Am., 682 F. App'x 381, 389 (6th Cir. 2017) (unpub.) and Guest-Marcotte v. Life Ins. Co. of N. Am., 730 F. App'x 292, 304 (6th Cir. 2018) (unpub.) indicating that a claimant must present "a factual foundation" of bias beyond mere allegations even when there is a structural conflict of interest.  Harford states that Ruhe has merely asserted that a structural conflict of interest exists and has not pointed to any actual evidence of bias or procedural irregularity which might justify prehearing discovery.

<u>RUHE'S REPLY</u>

Addressing Hartford's standard of review argument, Ruhe contends it is actually Hartford which wants to have its cake and eat it too.  Ruhe notes that Hartford has not stipulated that the *de novo* standard applies and, to the contrary, advocates for the arbitrary-and-capricious standard.[5]  With the issue of the applicable standard as yet undecided, Ruhe argues that discovery should not be prohibited on that basis.

Turning to Hartford's argument that she has failed to demonstrate a factual foundation for entitlement to discovery beyond a bare allegation of conflict of interest, Ruhe does not address the

---

4   Citing <u>Clark v. American Elec. Power Sys. Long Term Disability Plan</u>, 871 F.Supp.2d 655, 660 (W.D. Ky. 2012); <u>Busch v. Hartford Life & Acc. Ins. Co.</u>, No. 5:10-00111-KKC, 2010 WL 3842367, at 3 (E.D. Ky. Sept. 27, 2010).

5   *See* DN 12 at p. 3, ¶ 3.

more recent Sixth Circuit cases Hartford cited other than to state "[Glenn] remains binding law on this issue, despite the various unpublished decisions Hartford cites in its Response" (DN 19, p. 3). Instead, Ruhe relies on a number of cases from the Western and Eastern Districts of Kentucky which held that the mere existence of a conflict of interest is sufficient to give rise to at least limited discovery[6] and which predate Collins and Guest-Marcotte.

DISCUSSION

In Gluc v. Prudential Life Ins. Co. of Am., 309 F.R.D. 406 (W.D. Ky. 2015), the Court provided an overview of discovery in the context of an ERISA case:

> The general rule is that an ERISA claimant ordinarily is not entitled to obtain discovery outside of the administrative record. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). As this Court noted in *Mullins v. Prudential Ins. Co. of Amer.*, 267 F.R.D 504, 510-11 (W.D. Ky. 2010), *Wilkins* was the "judicial benchmark for discovery in ERISA cases" prior to the Supreme Court's 2008 decision in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008). The policy behind the *Wilkins'* approach was to promote the resolution of benefits disputes as inexpensively and expeditiously as possible. *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990); *Kasko v. Aetna Life Ins. Co.*, 33 F.Supp.3d 782, 785-86 (E.D.Ky.2014) ("[L]imitations regarding discovery furthers [sic] ERISA's primary goal; that is, the inexpensive and expeditious resolution of disputes.") (citing *Perry*, 900 F.2d at 966).
>
> Discovery in ERISA cases, while limited, however, is not precluded by *Wilkins*. *Mullins*, 267 F.R.D. at 510 ("*Wilkins* did not close the door, however, to judicial review of matters outside the administrative record. The decision cannot be read to prohibit discovery in ERISA cases."). Limited discovery is available, and an ERISA plaintiff may venture outside the record, when the claimant makes a satisfactory allegation of a violation of due process or bias by the plan administrator. *Id.* (citing *Kinsler v. Lincoln Nat. Life Ins. Co.*, 660 F.Supp.2d 830, 832-36 (M.D.Tenn. 2009) (citing *Miller v. MetLife Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)).

---

6 Citing Busch, 2010 WL 3842367; McQueen v. Life Ins. Co., 595 F.Supp.2d 752, 754 (E.D. Ky. 2009); Myers v. Anthem Life Ins. Co., 316 F.R.D. 186, 196 (W.D. Ky. 2016); Davis v. Hartford Life & Acc. Ins. Co., No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *4 (W.D. Ky. Nov. 24, 2015); Mullins v. Prudential Ins. Co. of Am., 267 F.R.D. 504, 512 (W.D. Ky. 2010).

> Discovery potentially will be appropriate when a claimant "makes a procedural challenge to administrator's decision such as a challenge based on bias...." *Kasko*, 33 F.Supp.3d at 786 (citing *Johnson v. Conn. Gen. Life Ins. Co.*, 324 Fed.Appx. 459, 466 (6th Cir.2009). As <u>Glenn</u> explains the Court may look outside the administrative record in such a situation to consider the circumstances that affected the administrator's alleged conflict of interest. <u>Glenn</u>, 554 U.S. at 117, 128 S.Ct. 2343. Even then, however, "discovery must be strictly confined to the procedural challenge." *Id.* (citing *Moore v. LaFayette Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006)). Discovery is required to be "tailored to facilitate the prompt resolution of the dispute." *Kasko*, 33 F.Supp.3d at 786 (citing *Price v. Hartford Life and Acc. Ins. Co.*, 746 F.Supp.2d 860, 865-66 (E.D.Mich. 2010)).

<u>Id.</u> at 411-12.

Addressing Hartford's first argument regarding the standard of review, Hartford is correct that, where a case is adjudicated under a *de novo* standard, discovery on the issue of conflict of interest is irrelevant. *See* <u>Quarles</u>, 2018 WL 523211, at *2 (collecting cases). Hartford cannot ignore, however, that it opposes Ruhe's advocacy for application of the *de novo* standard of review. If it stipulated to the *de novo* standard, the issue would be foreclosed; however, the possibility that Hartford might prevail in establishing the arbitrary-and-capricious standard as the applicable standard of review gives rise to a legitimate interest, from Ruhe's perspective, in preparing to challenge Hartford's coverage decision under that standard as the result of bias.

Attention next turns to Hartford's contention that Ruhe's motion for leave to conduct discovery fails because she has made a bare allegation of conflict. As this Court observed in <u>Mullins v. Prudential Ins. Co. of Am.</u>, 267 F.R.D. 504, 510-11 (W.D. Ky. 2010), within the Sixth Circuit, there have been two schools of thought regarding what an ERISA plaintiff must show in order to embark upon bias-related discovery. One school of thought has been the "initial threshold showing," whereby an ERISA plaintiff must do more than merely allege the existence of a structural bias to be entitled to discovery. The other school of thought is that "mere allegation" is

sufficient.   With the advent of <u>Glenn</u>, however, courts within this judicial district have concluded

that the "mere allegation" standard is applicable.   *See* <u>Mullins</u> at 512; <u>Gluc</u> at 412-13.

It does not appear, however, that the question has been considered by this Court in light of

relatively recent guidance from the Sixth Circuit which appears require a Plaintiff to make an

initial threshold showing, rather than merely allege bias.  In the 2017 unpublished Sixth Circuit

opinion of <u>Collins</u>, the court held:

> Typically, a court's factual review is limited to the administrative record.
> However, if the claimant offers evidence "in support of a procedural challenge
> to the administrator's decision, such as an alleged lack of due process afforded
> by the administrator or alleged bias on its part," discovery may be warranted.
> Though we have identified a conflict of interest as a type of bias that may
> warrant additional discovery, "[t]hat does not mean, however, that discovery
> will automatically be available any time the defendant is both the administrator
> and the payor under an ERISA plan."  So, the claimant must put forth a factual
> foundation to establish that he has done more than merely allege bias.
>
> As detailed above, Collins has not set forth evidence establishing more than a
> mere allegation of bias based on the inherent conflict of interest.   Thus, we
> conclude that the district court did not abuse its discretion in denying additional
> discovery based on Collins' mere allegation that Unum was biased against him.

682 F. App'x at 389 (citations omitted).

In the more recent 2018 unpublished opinion of <u>Guest-Marcotte</u>, the court held:

> The general rule in ERISA denial-of-benefits cases is that the district court's
> review is limited to the administrative record, and thus discovery is not
> available.  An exception exists, however, if discovery is sought "in support of
> a procedural challenge to the administrator's decision, such as an alleged lack
> of due process afforded by the administrator or alleged bias on its part."  To be
> entitled to discovery, an ERISA claimant must first "provide sufficient evidence
> of bias—or of any procedural irregularity—to justify prehearing discovery. …
> [A] mere allegation of bias is insufficient to throw open the doors of discovery
> in an ERISA case."  Here, the district court correctly concluded that Guest-
> Marcotte failed to make the necessary showing because she only made
> conclusory allegations of bias.

730 F. App'x at 304 (citations omitted).

6

The Eastern District of Tennessee has taken note of <u>Guest-Marcotte</u> as articulating the necessary showing required for discovery and also that, while an unpublished opinion, it was "one of the latest cases from Sixth Circuit on this specific ERISA-related discovery issue, and, as such, this Court finds that it is highly persuasive."   <u>Mitchell v. Unum Life Ins. Co.</u>, No. 1:18-CV-94, 2019 WL 7758859, at *4 (E.D. Tenn. Sept. 30, 2019).   As the Sixth Circuit has also explained, "Although unpublished decisions of the Sixth Circuit are not binding precedent, they can be cited if persuasive, especially where there are no published decisions which will serve as well."   <u>In re Hess</u>, 209 B.R. 79, 82 n.3 (6th Cir. 1997).[7]

---

[7]   Citing <u>In re Braddy</u>, 195 B.R. 365, 370-71 (E.D. Mich. 1996) ("[A]lthough the [Sixth Circuit] Court of Appeals does recognize that its unpublished decisions are not binding precedent in the same sense as published decisions, the court does cite an unpublished decision when there is no published decision on point and the reasoning of the unpublished decision is found persuasive.  The practice in the lower courts is consistent with the approach taken in the Sixth Circuit. … [L]ower courts noted that unpublished Sixth Circuit decisions are not binding precedent, and then went on to examine whether the particular unpublished Sixth Circuit decision cited to it persuasively addressed the legal issues." (citations omitted)).

CONCLUSION

Based upon these cases, the undersigned concludes that Ruhe has likewise only made a conclusory allegation of bias and, therefore, has not demonstrated an entitlement to discovery.  The undersigned arrives at this conclusion mindful that it is contrary to the mainstream of prior decisions in this judicial district, but the guidance contained within Collins and Guest-Marcotte are found to be highly persuasive, due to their findings being directly on point to this contention. Further, other judicial districts within the Sixth Circuit have begun transitioning towards the requirements of Collins and Guest-Marcotte.[8]  Therefore, Plaintiff's motion for leave to conduct discovery is **DENIED**.

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

November 24, 2020

Copies:         Counsel of Record

---

[8]  *See* Canter v. Alkermes Blue Care Elect Preferred Provider Plan, 328 F.R.D. 485, 495-97 (S.D. Ohio 2018); Baker v. Ohio Operating Eng'rs Pension Plan, 312 F.Supp.3d 674, 678-80 (S.D. Ohio 2018); Mitchell v. Unum Life Ins. Co., No. 1:18-CV-94, 2019 WL 7758858, at *2 (E.D. Tenn. Oct. 24, 2019).